UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

BRIAN CAMPBELL,                   CASE NO.:

         Plaintiff,

vs.

DEPENDABLE WASTE
SERVICES, INC., A GEORGIA
CORPORATION,

         Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRIAN CAMPBELL, by and through the undersigned attorney, sues the Defendant, DEPENDABLE WASTE SERVICES, INC., a Georgia Corporation, and alleges:

1.    Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, retaliation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2.    Plaintiff was a day rate paid employee performing laborer

activities for Defendant in Pike County, Georgia.

3.      Plaintiff worked for Defendant from March 2015 to May 2016, when he was briefly terminated, then brought back to work at a lower rate of pay and lower hours.

4.      Defendant, DEPENDABLE WASTE SERVICES, INC., is a Georgia Corporation that operates and conducts business in, among other locations, Pike County, Georgia and is therefore, within the jurisdiction of this Court.

5.      This action is brought under the FLSA to recover from Defendant overtime compensation, retaliation damages, liquidated damages, and reasonable attorneys' fees and costs.

6.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

7.      During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

8.      During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

9.      Included in such goods, materials and supplies were computers, telephones, dump trucks, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

10.     Therefore, Defendant is considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

11.     At all times relevant to this action, Defendant failed to comply with the FLSA by only paying a day rate to Plaintiff for all hours worked, with no additional overtime compensation paid for overtime hours worked.

12.     Pursuant to the FLSA, an employee who is paid a day rate is entitled to additional overtime compensation for overtime hours worked.  *See* 29 C.F.R. § 778.112.

13.     During his employment with Defendant, Plaintiff routinely worked overtime hours, but was not paid any additional overtime compensation for these hours worked.

14.     Plaintiff clocked in and out during his employment with Defendant and records should exist showing overtime hours worked by Plaintiff without additional overtime compensation being paid.

15.     Additionally, Plaintiff has been retaliated against in violation of the FLSA by Defendant's actions of cutting Plaintiff's work hours and pay and briefly firing Plaintiff.

16.     On or about April 12, 2016, Plaintiff, through counsel, sent a letter to Defendant seeking his unpaid overtime compensation as described above.

17.     In response, Defendant cut Plaintiff's hours of work and cut his pay, and then terminated Plaintiff for a brief period of time.

18.     Subsequently, Defendant hired Plaintiff back at a lower pay and lower hours so as to avoid the appearance of retaliation.

19.     Defendant has violated the FLSA by both failing to pay proper overtime compensation to Plaintiff for overtime hours worked, and by retaliating against Plaintiff after he sought recovery of this unpaid overtime compensation.

20.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

21.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

22.     Plaintiff was entitled to be paid overtime compensation during his employment with Defendant.

23.     While working for Defendant, Plaintiff was only paid a day rate and was not paid additional overtime compensation for overtime hours worked in violation of the FLSA.

24.     Defendant did not have a good faith basis for its decision to only pay Plaintiff a day rate with no additional overtime compensation for overtime hours worked.

25.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff complete overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

26.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

27.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BRIAN CAMPBELL, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RETALIATION

28.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

29.    On or about April 12, 2016, Plaintiff, through counsel, mailed a letter to Defendant seeking recovery of Plaintiff's unpaid overtime compensation.

30.    In response to this letter, Defendant demoted Plaintiff by cutting his hours and cutting his pay.

31.    Additionally, Defendant subsequently terminated Plaintiff for a brief period of time before ultimately hiring him back at a lower pay rate and to work less hours so as to avoid the appearance of retaliation.

32.    As a result of these acts, Defendant has discriminated against Plaintiff because he was inquiring about Defendant's failure to pay proper overtime pay.

33.    Defendant's demotion and subsequent discharge of Plaintiff is discrimination and retaliation against Plaintiff in violation of 29 U.S.C. §215(a)(3).

34.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged.

6

35.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BRIAN CAMPBELL, demands judgment against Defendant for damages including, but not limited to, reimbursement of an amount equal to the loss of wages and other benefits suffered by reason of Defendant's unlawful conduct, including interest on such back wages, together with costs and attorneys' fees, and such further relief that this Court determines to be just and appropriate, including any and all injunctive relief this Court deems just and proper.

Dated this 15th day of June, 2016.

/s/ C. RYAN MORGAN_____
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 245-3401
Email:      RMorgan@forthepeople.com
*Attorneys for Plaintiff*